Neil Jon Bloomfield, Esq.  (SBN 52235)
901 E Street, Suite 100
San Rafael, CA  94901
Telephone: (415) 454-2294
Facsimile:  (415) 457-5348

Debtor NEIL JON BLOOMFIELD
In Pro Se

**The following constitutes
the order of the court. Signed July 15, 2012**

_____
Roger L. Efremsky
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NEIL JON BLOOMFIELD,<br><br><br><br><br>Debtor.<br>_____ | Case No.:  12-40625 RLE<br>(Honorable Roger L. Efremsky)<br>Chapter 11<br><br>ORDER ON DEBTOR'S MOTION TO VALUE CLAIM SECURED BY SECOND LIEN ON REAL PROPERTY KNOWN AS 233 HILLSIDE DRIVE, FAIRFAX, CALIFORNIA, AND FOR A DETERMINATION THAT LIEN HAS NO FURTHER INTEREST IN RENTS AND PROFITS FROM 233 HILLSIDE DRIVE, FAIRFAX, CALIFORNIA<br><br>DATE:  July 11, 2012<br>TIME:   2:00 PM<br>PLACE: Courtroom 201<br>            United States Bankruptcy Court<br>            1300 Clay Street, Oakland, CA |

On June 13, 2012, Debtor Neil Jon Bloomfield ("Debtor") filed an Amended Motion to Value the junior (second) lien (*Motion*; Docket #102 replacing Docket #99) of Bank of America, N.A. ("BofA"), successor in interest to America's Wholesale Lender ("ARL") Mortgage Electronic Registration System, Inc ("MERS") and Countrywide Home Loans, Inc., ("CHL") (collectively, "Secured Creditor"), secured by Debtor's property at 233 Hillside Drive, Fairfax, California (the "Hillside Property"), supported by a Declaration (#100), Notice of Motion (#104) and an Amended

Points and Authorities #103). On June 27, 2012, Secured Creditor BofA filed an opposition (Docket #125) to the Motion. On July 11, the Court held a hearing on the motion. Neil Bloomfield appeared in support of the motion In Pro Se. Other appearances were as noted on the record.

The Motion relates only to the following recorded Deed of Trust: second deed of trust on the Hillside Property recorded September 23, 2005 as Instrument No. 2005-0073224 in the Marin County Official Records ("Hillside 2nd DOT"), securing the Home Equity Credit Line Agreement and Disclosure Statement dated September 15, 2005 ("Hillside 2nd HELOC Agmt"). BofA is the current holder and/or servicer of both the Hillside 1st DOT and the Hillside 2nd DOT. The present motion does not relate to in any way to valuing the first deed of trust on the Hillside Property, recorded September 23, 2005 as Instrument No. 2005-0073223 in the Marin County Official Records ("Hillside 1st DOT"), securing the Adjustable Rate Note dated September 15, 2005 ("Hillside 1st Note") with an original principal balance of $1,500,000.00 plus interest, nor the Hillside 1st Note.

The Debtor has established his sole ownership of the Hillside Property in the moving papers. The Debtor has filed his proposed Plan of Reorganization (Docket#120 filed herein June 25, 2012) and his proposed Disclosure Statement (Docket #121 filed herein June 25, 2012).

In the moving papers and at the hearing, the Debtor stipulated and agreed that the determination of the value for the purposes of valuing the Hillside 2nd DOT will have no effect on the subsequent valuation and/or valuation status of Secured Creditor's Hillside 1st DOT as a senior secured claim and lien on the Hillside Property. The objection filed by BofA as Docket #125 is being or has been withdrawn with the understanding that the above stipulation is to be recited on the record at the hearing and in the order after hearing. Based on the above stipulation and agreement, Bank of America consents to the hearing on July 11, 2012 proceeding to complete resolving issues as to the valuation of the Hillside 2nd DOT.

**ORDER**

1. Notice of the Motion and the hearing thereon were appropriate under the particular circumstances;

2. The Motion is granted;

3. The junior priority (Hillside 2nd DOT) lien recorded September 23, 2005 as Instrument No. 2005-0073224 in the Marin County Official Records in favor of Secured Creditor is valueless and the line of credit agreement related thereto shall be deemed to be wholly unsecured for purposes of the Debtor's Chapter 11 plan, and for purposes of these Chapter 11 proceedings, the second deed of trust lien is valued at zero, Bank of America, N.A. does not have a secured claim on its second deed of trust, and the second deed of trust lien may not be enforced. Secured Creditor has no further interest in the rents and profits from the Debtor's 233 Hillside Property more fully and legally described in Exhibit A hereto (Marin Assessor's Parcel #002-143-18) based on the Hillside 2nd DOT during the pendency of these Chapter 11 proceedings;

4. The junior priority (Hillside 2nd DOT) lien of Secured Creditor is determined to have no further interest in the rents and profits from the Debtor's property at 233 Hillside Drive, Fairfax, California during the pendency of these proceedings.

5. Upon confirmation of Debtor's Chapter 11 Plan, the junior priority lien (Hillside 2nd DOT) shall be null and void and no longer act as an encumbrance against the Hillside property. Upon entry of a discharge in Debtor's Chapter 11 case, the lien shall be voided for all purposes, and upon application by the Debtor, the Court will enter an appropriate form of judgment voiding the lien.

6. This Order shall have no effect upon the value and valuation of the Hillside 1st DOT as a senior lien on the Hillside property, and nothing herein shall be deemed to effect the rights of Bank of America under its senior secured claim and lien based on the Hillside 1st DOT and on the Hillside 1st Note.

7. This Order shall become part of Debtor's Chapter 11 Plan when confirmed by this Court.

8. If Debtor's Chapter 11 case is dismissed or converted to one under anther chapter before Debtor obtains a discharge, this Order shall cease to be effective and the lien shall be retained to the extent recognized by applicable nonbankruptcy law, and upon application by the lienholder, the court will enter an appropriate form of order restoring the lien.

9. Except as provided by separate, subsequent order of this Court, the lien may not be enforced so long as this order remains in effect.

* * END OF ORDER * *

Approved:

Dated: July 11, 2012

MILES, BAUER, BERGSTROM
& WINTER, LLP

     */s/  Mark T. Domeyer*
By: _____ .
Attorneys for Secured Creditor
BANK OF AMERICA, N.A.

COURT SERVICE LIST

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system at the address(es) listed below:

Mark T. Domeyer – on behalf of Creditor Bank of America, NA
    mdomeyer@mileslegal.com
Matthew R. Clark – on behalf of Creditor HSBC Bank USA, NA
    mclark@piteduncan.com, ecfcanb@piteduncan.com
Haydee D. Garbero – on behalf of Creditor Redwood Credit Union
    hdg@moorebrewer.microsoftonline.com, ajd@moorebrewer.com
Austin P. Nagel – on behalf of Creditor Ford Motor Credit Company
    melissa@apnagellaw.com
Eric A. Nyberg - on behalf of Creditor Donnie Suggs
    e.nyberg@kornfieldlaw.com
Dean R. Prober - on behalf of Creditor Bank of America, N.A., c/o Prober & Raphael, P.C.
    cmartin@pprlaw.net
Michael Reed – on behalf of Creditor County of Denton, Texas
    kim.morriss@mvbalaw.com, KMORRISS@mvbalaw.com, othercourts@mvbalaw.com
Cassandra J. Richey – on behalf of Creditor The Bank of New York Mellon, et al.
    cmartin@pralc.com
Edward T. Weber – on behalf of Creditor The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-61, Mortgage Pass-Through Certificates, Series 2005-61
    bknotice@rcolegal.com
Gregory J. Babcock – on behalf of Creditor Westamerica Bank
    rnunes@abbeylaw.com, gbabcock@abbeylaw.com
Office of the U.S. Trustee / OAK
    USTPRegion17.OA.ECF@usdoj.gov, ltroxas@hotmail.com