LAWRENCE L. SZABO, #83974
Attorney at Law
3608 Grand Avenue
Oakland, CA  94610
Tel: (510) 834-4893
*szabo@sbcglobal.net*

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

In re  )
  ) No.  12-40625 RLE
NEIL J. BLOOMFIELD,  )
  ) Chapter 11
   Debtor.  )
_____  )

## DEBTOR'S FIFTH AMENDED PLAN OF REORGANIZATION
### Dated September 3, 2013

### ARTICLE I
### SUMMARY

   **1.01**   This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Neil Jon Bloomfield (the "Debtor") from the cash flow of his rental properties and the future income of his law practice, and possibly, from the collection of a judgment.

   **1.02**   This Plan provides for payment of unclassified administrative expenses and priority tax claims (Class 1); eighteen classes of secured claims (Classes 2-A through 2-R); one class of unsecured claims (Class 3); and one class of interests, i.e., the ownership interest of the Debtor in property of the bankruptcy estate (Class 4).  The treatment of the classes of secured claims is set forth in Article IV, below.  The treatment of the unsecured class of claims is set forth in Article V, below.  The treatment of the ownership interest of the Debtor in property of the estate is set forth in Article VI, below.

   **1.03**   The Debtor estimates that unsecured creditors holding allowed claims (Class 3) will receive distributions under the Plan consisting of 0.4% to 5.0% of their allowed claims, depending largely on the ultimate recovery from the Debtor's 40.25% interest in a $526,824.70 judgment against Richard Trieber ("Trieber Judgment").

**1.04** This Plan, and a "Disclosure Statement" that discusses the Plan, provides information regarding the feasibility of this Plan and its effect on the rights of creditors has been served by mail on all creditors and interested parties. **Your rights may be affected by the Plan. You should read the Plan and the Disclosure Statement carefully and discuss them with an attorney.**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01** **Class 1:** All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8), which are unclassified). To the best of Debtor's knowledge, Debtor is not liable for any such claims.

**2.02** **Class 2-A:** The allowed claim presently held by **Bank of America, N.A.,** to the extent it is allowed as a claim secured by a first priority deed of trust interest in **233 Hillside Drive, Fairfax, California.**

**2.03** **Class 2-B:** The allowed claim presently held by **The Bank of New York Mellon**, to the extent it is secured by a first priority deed of trust interest in **29 Anton Way, Novato, California.**

**2.04** **Class 2-C: The** allowed claim presently held by **HSBC Bank USA, N. A.**, to the extent it is secured by a first priority deed of trust interest in **9635 Cole Road, Pilot Point, Texas.**

**2.05** **Class 2-D:** The allowed claim held by **Westamerica Bank**, to the extent that it secured by **accounts, chattel paper and general intangibles** of the Debtor, dba "the Law Offices of Neil J. Bloomfield".

**2.06** **Class 2-E:** The allowed claim held by **Ford Motor Credit** to the extent it is secured by a certain **2009 Ford F-450** pickup truck.

**2.07** **Class 2-F:** The allowed claim of the **Marin County Tax Collector**, to the extent it is secured by **233 Hillside, Fairfax, California**, Marin County Assessor's Office Parcel Number 002-143-18.

**2.08** **Class 2-G:** The allowed claim of the **Marin County Tax Collector**, to the extent it is secured by **29 Anton Way, Novato, California**, Marin County Assessor's Office Parcel Number 143-380-26.

**2.09** **Class 2-H:** The allowed claim of the **Sonoma County Tax Collector** to the extent that it is secured by **9908 Main Street, Monte Rio, California,** Sonoma County Assessor's Office Parcel Number 095-160-006.

**2.10** **Class 2-I:** The allowed claim of the **Lake County Tax Collector** to the extent that it is secured by **11793 Widgeon Way, Clearlake Oaks, California**, Lake County Assessor's Office as Parcel Number 035-272-090.

**2.11** **Class 2-J:** The allowed claim of the **Denton County Tax Collector** to the extent that it is secured by **9635 Cole Road, Pilot Point, Texas.**

**2.11.1 Class 2-J-1:** The allowed claim of the **Denton County Tax Collector** to the extent that it is secured by **9681 Cole Road, Pilot Point, Texas.**

**2.12** **Class 2-K:** The allowed claim of **GE Capital Retail Bank** to the extent that it is secured by a certain **2008 Exiss horse trailer.**

**2.13** **Class 2-L:** The allowed claim of **Redwood Credit Union** to the extent that it is secured by a certain **2006 Sundowner horse trailer**.

**2.14** **Class 2-M:** The allowed claim of **Redwood Credit Union** to the extent that it is secured by a certain **2000 Fleetwood Jamboree motor home.**

**2.15** **Class 2-N**: The allowed claim of **Fred A. Rico Hurvich**, to the extent that it is secured by Debtor's remainder interest in **1868 Virginia Avenue, Novato, California.**

**2.16** **Class 2-O**: The allowed claim of **Michael Abrams**, to the extent that it is secured by Debtor's remainder interest in **1868 Virginia Ave, Novato, California.**

**2.17** **Class 2-P:** The allowed claim of **Theodore Phillips,** to the extent that it is secured by Debtor's interest in **1868 Virginia Ave, Novato, California.**

**2.18** **Class 2-Q:** The allowed claim of **Mary H. Hubert,** to the extent that it is secured by Debtor's remainder interest in **9908 Main Street, Monte Rio, California.**

**2.19** **Class 2-R:** The allowed claim of **Theodore Phillips,** to the extent that it is secured by Debtor's interest in **9908 Main Street, Monte Rio, California.**

**2.20** **Class 3: All allowed unsecured claims,** including the portions of claims held by Class 2-A through 2-R claimholders that are determined to be unsecured claims under section 506 of the Bankruptcy Code.

**2.30** **Class 4: The interest of the Debtor** in property of the estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U. S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

**3.01 Professional Fees.** The administrative expense claim for the professional fees and expenses of Lawrence L. Szabo, attorney for the Debtor, as allowed after notice and hearing by the Bankruptcy Court under section 503 of the Bankruptcy Code, will receive on the effective date of the Plan, or upon the final order of the Bankruptcy Court, whichever is sooner, the $10,000 retainer held by Lawrence L. Szabo in his client trust account. After payment of the $10,000 retainer the balance of the allowed administrative expense claim of Lawrence L. Szabo shall be paid from the proceeds of the collection of the Trieber Judgment, or upon such other terms as may be agreed upon by Lawrence L. Szabo and the Debtor.

**3.02 Post-petition Expenses Arising in the Ordinary Course of Business and Financial Affairs of the Debtor.** Such expenses shall be paid in full on the Effective Date of the Plan, or according to the terms of the obligation, if later, or as otherwise agreed.

**3.03 Priority Tax Claims.** Each holder of a priority tax claim will be paid in full with interest a the rate of 3% per annum in regular monthly installments over a period not exceeding 5 years from the filing of the Chapter 11 case, on the 23rd day of each calendar month commencing the first full month after the effective date of the Plan and ending on January 23, 2017.

**3.04 United States Trustee Fees.** All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date of the Plan.

## ARTICLE IV
## TREATMENT OF SECURED CLAIMS UNDER THE PLAN

Claims that are secured by property of the estate shall be treated under this Plan as follows:

**4.01 Class 2-A: Bank of America, N. A. (233 Hillside, Fairfax, California)**

*Amount of Class 2-A claim*: Bank of America filed a $1,899,309.80 proof of claim. The Debtor and the holder of the claim, Bank of America, N.A., have stipulated that the value of the collateral securing such claim is $1,013,115.00 [*See* Docket no. 271; Stipulated Order]. Bank of America is therefore allowed a secured, Class 2-A claim in the amount of $1,013,115.00, and is allowed an unsecured claim in the amount of $866,194.80. The portion of Bank of America's claim that is allowed as an unsecured claim is classified and treated as a Class 3 claim.

*Treatment of Class 2-A claim:* The holder of the claim shall retain the lien securing such claim to the extent of the allowed amount of such claim, and the claim shall be treated as set forth in a certain "Loan Modification Agreement," a copy of which is attached hereto as "Exhibit A."

*Impairment and Voting* - The Class 2-A claim is impaired under this Plan, and the holder of such claim is entitled to vote to accept or reject this Plan on account of such claim.

**4.02 Class 2-B: The Bank of New York Mellon (29 Anton Way, Novato, California).**

*Amount of Class 2-B claim.* The holder of the claim filed a $1,877,860.01 proof of claim. The Debtor and the holder of the allowed claim have stipulated to certain treatment of the Class 2-B allowed claim. *See* "Stipulation for Plan of Reorganization's Treatment of Claim of Secured Creditor, The Bank of New York Mellon, Trustee" (hereafter, "Stipulation"), Docket no. 289, a copy of which is attached hereto as "Exhibit B." Pursuant to the Stipulation, the holder of the Class 2-B is allowed a secured claim in the amount of $730,000. The portion of Bank of New York Mellon's claim that is allowed as an unsecured claim is classified and treated as a Class 3 claim.

*Treatment of Class 2-B claim.* The allowed Class 2-B claim shall be treated as set forth in the Stipulation

*Impairment and Voting.* The Class 2-B claim is impaired under this Plan, and the holder of such claim is entitled to accept or reject this Plan on account of such claim.

**4.03   Class 2-C: HSBC Bank USA, N.A. (9635 Cole Road)**

*Amount of Class 2-C claim.* HSBC Bank filed proof of a $1,154,769.68 claim. The holder of the claim has elected application of 11 U.S.C. §1111(b) to its claim. The Class 2-C claim is therefore allowed as a $1,154,769.68 secured claim, for purposes of the Debtor's Chapter 11 Plan of Reorganization.

*Treatment of Class.* The holder of the allowed Class 2-C claim shall:

(i) Retain the lien securing such claim to the extent of the allowed amount of the claim.

(ii) Receive on account of such claim $1,154,769.68 payable in 60 installments of $2,600 commencing on the first day of the first full month following the effective date of the Plan, and continuing monthly thereafter, followed by 60 installments of $4,800, commencing on the first day of the 61st month following the effective date of the Plan, followed by payment of $710,769.60 on the first day of the 121st month following the effective date of the Plan.

All agreements, terms and provisions of that certain "Note" executed by Debtor, dated November 14, 2007, and payable to "Wells Fargo Bank, National Association" shall remain in effect, except to the extent they are modified by the preceding subparagraphs (i) and (ii).

All terms, covenants and provisions of that certain "Purchase Money Deed of Trust" executed by Debtor, dated November 14, 2007, and filed in the Official Records of Denton County, Texas on November 27, 2007 as Document no. 2007-137746, shall remain in effect, except to the extent they are modified by the preceding subparagraphs (i) and (ii).

*Impairment and Voting.* Class 2-C's claim is impaired under this Plan, and the holder of such claim is entitled to accept or reject this Plan on account of such claim

**4.04   Class 2-D: Westamerica Bank (accounts, chattel paper and general intangibles of the Debtor, DBA "The Law Offices of Neil J. Bloomfield")**

*Amount of Claim.* Westamerica Bank filed a $259,881.34 proof of claim, and attached to its claim a "Commercial Security Agreement" whereby Debtor granted Westamerica Bank a security interest in his "chattel paper," "accounts" and "general intangibles" and the "proceeds" of such property, and a "UCC Financing Statement" that was filed with the California Secretary of State. *See* Claim 12-1, filed April 3, 2012. The portion of Westamerica Bank's claim that is allowed as an unsecured claim is classified and treated as a Class 3 claim.

*Treatment of Class.* The holder of the allowed Class 2-D claim shall:

(i) Retain the lien securing its claim, to the extent of the allowed amount of such claim.

(ii) Receive on account of such claim the proceeds of its collateral security, as described in and defined in that certain "Commercial Security Agreement" dated June 30, 2002, that are in possession of the Debtor, presently in the amount of $5,027.44, and any such further proceeds that the Debtor may acquire prior to the effective date of the Plan, on the effective date of the Plan.

(iii) If requested, receive on account of such claim the chattel paper, accounts and general intangibles of the Debtor, as described in and defined in that certain "Commercial Security Agreement" dated June 30, 2002. If requested, the Debtor shall make the property securing the claim available to the holder of the claim and shall cede his possessory rights to the property securing the claim.

*Impairment and Voting.* Class 2-D's claim is impaired under this Plan, and the holder of such claim is entitled to accept or reject this Plan on account of such claim.

### 4.05 Class 2-E: Ford Motor Credit (2009 Ford F-450 pickup truck

*Amount of claim.* Ford Motor Credit timely filed a $31,153.06 proof of claim. The portion of Ford Motor Credit's claim that is allowed as an unsecured claim is classified and treated as a Class 3 claim.

*Treatment of* Class. The holder of the allowed Class 2-E claim shall:

(i) Retain the lien securing such claim to the extent of the allowed amount of such claim;

(ii) Receive on August 2, 2013, the property securing its claim in full satisfaction of its allowed secured claim. The Debtor has made the property securing the claim available to the holder of the claim and has ceded his possessory rights to the property securing the claim.

*Impairment and Voting.* Class 2-E's claim is impaired under this Plan, and the holder of such claim is entitled to accept or reject the Plan on account of such claim.

### 4.06 Class 2-F: Marin County Tax Collector (233 Hillside, Fairfax)

*Amount of claim.* The Marin County Tax Collector timely filed a $7,784.55 proof of claim. Bank of America has paid the claim. If the claim is not withdrawn by the date of hearing on confirmation of the plan Debtor will file an objection to the allowance of the claim within 30 days after entry of an order confirming the Plan.

*Treatment of Class.* The holder of the allowed Class 2-F claim shall receive no distribution on account of its claim.

*Impairment and Voting.* Class 2-F does not hold a claim and therefore is not entitled to vote to accept or reject this Plan on account of its claim.

### 4.07 Class 2-G: Marin County Tax Collector (29 Anton Way)

*Amount of claim.* The Marin County Tax Collector timely filed a $5,147.31 proof of claim. Subsequent to the filing of the claim, the claim was paid by a third party, and the claim was withdrawn.

*Treatment of Class.* The holder of the allowed Class 2-G claim shall receive no distribution on account of its claim.

*Impairment and Voting.* Class 2-G does not hold a claim and therefore is not entitled to vote to accept or reject this Plan on account of such claim.

### 4.08 Class 2-H: Sonoma County Tax Collector (Main Street, Monte Rio)

*Amount of Claim.* The holder of the claim filed a $1,624.71 proof of claim.

*Treatment of Class.* The holder of the claim shall:

(i) Retain its liens securing such claim to the extent of the allowed amount of such claim;

(ii) Receive the property securing its claim on the effective date of the Plan. The Debtor shall make the property securing the claim available to the holder of the claim and shall cede his possessory rights to the property securing the claim.

*Impairment and Voting* - Class 2-H's claim is impaired under this Plan, and the holder of such claim is entitled to accept or reject this Plan on account of such claim.

### 4.09 Class 2-I: Lake County Tax Collector (Widgeon Way)

*Amount of Claim.* The holder of the claim filed a $1,896.84 proof of claim

*Treatment of Class.* The holder of the claim shall:

(i) Retain its liens securing such claim to the extent of the allowed amount of such claim;

(ii) Receive the property securing its claim on the effective date of the Plan. The Debtor shall make the property securing the claim available to the holder of the claim and shall cede his possessory rights to the property securing the claim.

*Impairment and Voting*. Class 2-I's claim is impaired under this Plan, and the holder of such claim is entitled to accept or reject this Plan on account of such claim.

### 4.10 Class 2-J Denton County Tax Collector (9635 Cole Road)

*Amount of Claim.* The holder of the claim filed a $23,901.91 claim which states that $14,634 of the claim is secured by 9635 Cole Road. Subsequent to the filing of the case, the holder of the Class 2-C claim paid the Class 2-J claim. The Plan therefore does not provide for payment of the Class 2-J claim. If the claim is not withdrawn by the date of hearing on the Plan, Debtor will file an objection to the allowance of the claim within 30 days after entry of an order confirming the Plan.

*Treatment of Class.* The holder of the claim shall receive no distribution on account of its claim.

*Impairment and Voting*. Class 2-J does not hold a valid claim and it is therefore not entitled to accept or reject this Plan on account of such claim.

### 4.10.1 Class 2-J-1 Denton County Tax Collector (9681 Cole Road)

*Amount of Claim.* The holder of the claim filed a $23,901.91 claim which states that stated that $9,267.30 of the claim is secured by 9681 Cole Road. Subsequent to the filing of the case, the Debtor surrendered his interest in the property securing the claim, and a third party paid the claim. The Plan therefore does not provide for payment of the Class 2-J-1 claim. If the claim is not withdrawn by the date of hearing on the Plan, Debtor will file an objection to the allowance of the claim within 30 days after entry of an order confirming the Plan.

*Treatment of Class.* The holder of the claim shall receive no distribution on account of its claim.

*Impairment and Voting*. Class 2-J-1 does not hold a valid claim and it is therefore not entitled to accept or reject this Plan on account of such claim.

**4.11  Class 2-K: GE Capital Retail Bank (Exiss horse trailer)**

*Amount of Claim.*  No proof of the Class 2-K claim has been filed.  The Debtor listed the claim on his schedule of liabilities as a $13,063, non-contingent, liquidated, and undisputed claim. A $13,063 proof of claim is therefore deemed filed under 11 U. S. C. § 1111 (a). The portion of GE Capital Retail Bank's claim that is allowed as an unsecured claim is classified and treated as a Class 3 claim.

*Treatment of Class*.  The holder of the allowed Class 2-K claim shall:

(i) Retain the lien securing such claim to the extent of the allowed amount of such claim;

(ii) Receive the property securing its claim on the effective date of the Plan. The Debtor shall make the property securing the claim available to the holder of the claim and shall cede his possessory rights to the property securing the claim.

*Impairment and Voting*.  Class 2-K's claim is impaired under this Plan, and the holder of such claim is entitled to accept or reject this Plan on account of such claim.

**4.12  Class 2-L: Redwood Credit Union (2006 Sundowner)**

*Amount of Claim.*  The holder of the claim filed a $45,174.08 proof of claim. The holder of the claim has received the property securing the claim. The Plan therefore does not provide for payment of the Class 2-L claim.  If the claim is not withdrawn by the date of hearing on the Plan, Debtor will file an objection to the allowance of the claim within 30 days after entry of an order confirming the Plan. The portion of Redwood Credit Union's Class 2-L claim that is allowed as an unsecured claim is classified and treated as a Class 3 claim.

*Treatment of Class*.  The holder of the allowed Class 2-L claim shall receive no distribution on account of its claim.

*Impairment and Voting.*  Class 2-L's claim is impaired under this Plan, and the holder of such claim is entitled to accept or reject this Plan on account of such claim.

**4.13  Class 2-M Redwood Credit Union (2000 Fleetwood Jamboree)**

*Amount of Claim.* The holder of the claim filed a $1,882 proof of claim. Payments made by the estate to adequately protect the interest of the holder of the claim have fully paid the Class 2-M claim.  If the claim is not withdrawn by the date of hearing on the Plan, Debtor will file an objection to the allowance of the claim within 30 days after entry of an order confirming the Plan.

*Treatment of Class*.  The holder of the allowed Class 2-M claim shall receive no distribution on account of its claim.

*Impairment and Voting*.  Class 2-M does not hold a claim and is therefore not entitled to accept or reject this Plan on account of such claim.

**4.14 Class 2-N: Fred A. Rico Hurvich (1868 Virginia Avenue)**

*Amount of claim.* Hurvich timely filed a $116,112 proof of claim. The portion of Hurvich's claim that is allowed as an unsecured claim is classified and treated as a Class 3 claim.

*Treatment of Class.* The holder of the Class 2-N claim shall:

(i) Retain the lien securing such claim to the extent of the allowed amount of such claim;

(ii) Receive the property securing its claim on the effective date of the Plan. The Debtor shall make the property securing the claim available to the holder of the claim and shall cede his rights to the property securing the claim.

*Impairment and Voting.* The Class 2-N claim is impaired under the Plan and the holder of such claim is entitled to accept or reject this Plan on account of such claim.

**4.15 Class 2-O: Michael Abrams (1868 Virginia Avenue)**

*Amount of claim.* $20,000, determined by the schedule of liabilities filed by the Debtor, proof of which is deemed filed under 11 U. S. C. § 1111 (a). The portion of Abram's claim that is allowed as an unsecured claim is classified and treated as a Class 3 claim.

*Treatment of Class.* The holder of the allowed Class 2-O claim shall:

(i) Retain the lien securing such claim to the extent of the allowed amount of such claim;

(ii) Receive the property securing its claim on the effective date of the Plan. The Debtor shall make the property securing the claim available to the holder of the claim and shall cede his rights to the property securing the claim.

*Impairment and Voting.* The Class 2-O claim is impaired under the Plan and the holder of such claim is entitled to accept or reject this Plan on account of such claim.

**4.16 Class 2-P: Theodore Phillips (1868 Virginia Avenue)**

*Amount of claim.* $75,000, determined by the schedule of liabilities filed by the Debtor, proof of which is deemed filed under 11 U. S. C. § 1111 (a). The portion of Phillips' Class 2-P claim that is allowed as an unsecured claim is classified and treated as a Class 3 claim.

*Treatment of Class:* the holder of the allowed Class 2-P claim shall;

(i) Retain the lien securing such claim to the extent of the allowed amount of such claim;

(ii) Receive the property securing its claim on the effective date of the Plan. The Debtor shall make the property securing the claim available to the holder of the claim and shall cede his rights to the property securing the claim.

*Impairment and Voting.* The Class 2-P claim is impaired under the Plan and the holder of such claim is entitled to accept or reject this Plan on account of such claim.

**4.17  Class 2-Q: Mary H. Hubert (9908 Main Street)**

*Amount of claim.* No proof of the Class 2-Q claim has been filed. Debtor listed the claim on Debtor's schedule of liabilities as a $4,000 contingent, unliquidated and disputed claim. A proof of claim is therefore not deemed filed under 11 U. S. C. § 1111 (a) and the claim is not an allowed claim. If the claim is not withdrawn, the Debtor shall file a proceeding to determine the extent and validity of the lien of the holder of the claim no later than 60 days after the effective date of the Plan.

*Treatment of Class.* The holder of the Class 2-Q claim shall not retain the lien securing such claim and shall not receive or retain any property under the Plan.

*Impairment and Voting.* The holder of the Class 2-Q claim does not hold a valid claim and is therefore not entitled to accept or reject this Plan on account of such claim.

**4.18  Class 2-R: Theodore Phillips (9908 Main Street)**

*Amount of claim.* $25,000, determined by the schedule of liabilities filed by the Debtor, proof of which is deemed filed under 11 U. S. C. § 1111 (a). The portion of Phillips' Class 2-R claim that is allowed as an unsecured claim is classified and treated as a Class 3 claim.

*Treatment of Class.* The holder of the Class 2-R claim shall:

(i)  Retain the lien securing such claim to the extent of the allowed amount of such claim;

(ii)  Receive the property securing its claim on the effective date of the Plan. The Debtor shall make the property securing the claim available to the holder of the claim and shall cede his rights to the property securing the claim

*Impairment and Voting.* The Class 2-R claim is impaired by the Plan and the holder of such claim is entitled to accept or reject this Plan on account of such claim.

## ARTICLE V
## TREATMENT OF NON-PRIORITY UNSECURED CLAIMS UNDER THE PLAN

**5.10  Class 3: Non-Priority Unsecured claims.**

*Treatment of Class 3 claims.* Holders of Class 3 claims will receive a pro-rata share of the proceeds of the Debtor's interest in the Trieber Judgment net of attorney's fees and the costs of collection, after payment of all allowed administrative expenses, including the allowed fees and expenses of counsel for the Debtor. For purposes of the Plan, a 'pro-rata share' means the entire amount collected, less attorney's fees and costs of collection, and less payment of allowed administrative claims, divided by the entire amount of allowed claims in Class 3. Holders of Class 3 claims shall also receive a distribution of $15,000, payable at $250 per month for 60 months, commencing after final payment of priority unsecured claims, i.e., February of 2017.

*Impairment and Voting.* Class 3 claims are impaired by the Plan and the holders of such claims are entitled to accept or reject this Plan on account of such claims.

## ARTICLE VI
## TREATMENT OF CLASSES OF INTERESTS

**6.01 Class 4: The Interest of the Debtor in Property of the Estate.**

*Class treatment*. The legal, equitable and contractual rights to which the interest of the Debtor in property of the estate entitles the Debtor are unaltered by the Plan. The Debtor shall retain his ownership interest in property of the estate, including property that the Debtor has exempted from the estate, and including Debtor's earnings from services performed by the Debtor after the commencement of the case.

If the class of non-priority unsecured claims (Class 3) does not accept the Plan, and if the Court determines that the Plan is not fair and equitable because the Plan provides that the Debtor shall retain property on account of his interest, all interests of the Debtor in property of the estate, other than property the Debtor has exempted from the estate, and other than his earnings from services performed by the Debtor after the commencement of the case, shall not be retained by the Debtor, but shall be sold by auction to the highest bidder. If Debtor is not allowed to retain his interest in the property of the estate, Debtor shall give notice of the sale of his interest in property of the estate as required by section 363 of the Code and Fed. Rules Bank. Proc., Rule 6004.

*Impairment and Voting*. If Class 3 accepts the Plan, the Class 4 interest is not impaired by the plan. If Class 3 does not accept the plan, the Class 4 interest is impaired and the holder of the Class 4 interest is entitled to vote on the Plan.

## ARTICLE VII
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**7.01 Disputed Claim.** A disputed claim is a claim as to which a proof of claim has been filed or deemed filed, and as to which either (a) the Debtor or another party in interest has filed or does file an objection or (b) the Debtor has scheduled the claim as disputed. Debtor shall file an objection to any disputed claim no later than 30 days after entry of an order confirming a Plan.

**7.02 Delay of Distribution on a Disputed Claim.** No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**7.03 Disputed claim reserve**. If any allowed claims are disputed by Debtor, or if any objection to the allowance of any claim is filed and the dispute is not resolved prior to the Effective Date of the Plan, any payment due such claim under the Plan shall be held in reserve by depositing such payment in Debtor's attorney's trust account. The amount so reserved shall be based upon the claim filed, or if no claim has been filed, the amount scheduled by the Debtor, or if no claim is filed and the claim is not scheduled by the Debtor, the amount estimated by the Court. The Debtor shall pay the accrued amount due the holder of the claim under the Plan on its allowed claim or expense forthwith upon entry of a final, non-appealable order.

**7.04 Claim Estimation.** The Debtor may request that the Court estimate any disputed claim that is contingent or unliquidated pursuant to section 502(c) of the Bankruptcy Code. The Bankruptcy Court shall determine (i) whether such disputed claims are subject to

estimation pursuant to section 502(c) of the Bankruptcy Code and (ii) the procedure for such estimation.

**7.05 Settlement of Disputed Claims.** The Debtor will retain the power to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VIII
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**8.01 Assumed Executory Contracts and Unexpired Leases.** The Debtor assumes the following executory contracts and unexpired leases effective upon the date of the entry of the order confirming this Plan. All contracts and leases assumed by the Debtor are not in breach, and Debtor is not delinquent in any payment obligations under the respective agreement or lease:

- A. All insurance policies insuring 233 Hillside;
- B. All insurance policies insuring 29 Anton Way;
- C. All insurance policies insuring 9635 Cole Road;
- D. Lease agreement between the Debtor, DBA The Law Offices of Neil J. Bloomfield, and Bloomfield Law Group, Inc. for office space in 901 E Street, Suite 100, San Rafael, CA;
- E. Contract with Pitney Bowes for postage meter and scale;
- F. Contract with AT&T Mobility for cellular phone service;
- G. Contract with Iron Mountain for records storage and retrieval service;
- H. Contract with PACER Service Center for electronic document retrieval service;
- I. Contingent fee agreement with Bloomfield Law Group, Inc. for collection of accounts owed to Debtor for legal services provided by Debtor, DBA The Law Offices of Neil J. Bloomfield;
- J. Contingent fee agreement between Debtor and Bloomfield Law Group for collection of the Debtor's interest in the Trieber Judgment;
- K. Lease agreement with Zuri Van Zant for 29 Anton Way, Novato, California;
- L. All Insurance Policies in effect insuring the Estate's vehicles and trailers.

**8.02 Procedure to contest characterization of executory contract or lease.** Any party to an executory contract or lease assumed by the Plan who contests Debtor's assertion that Debtor is not in breach of the executory contract or lease may file a timely objection to confirmation of the Plan, or may object to the Disclosure Statement within the applicable deadline.

**8.03 Rejected Executory Contracts and Unexpired Leases.** Debtor rejects the following unexpired lease effective upon the date of the entry of the order confirming this Plan:

    A.    Residential lease agreement with Fred A. Rico Hurvich for 233 Hillside, Fairfax, CA.

**8.04** A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE IX
## MEANS FOR IMPLEMENTATION OF THE PLAN

**9.01** The Debtor shall pay to creditors provided for under the plan such portion of earnings from personal services performed by the Debtor after the commencement of the case as is necessary for the execution of the Plan. Debtor shall pay his ordinary living expense, and the normal and necessary operating expenses of his real property.

**9.02** Debtor shall pay to creditors provided for under the Plan such portion of proceeds, product, offspring, rents, or profits of all legal or equitable interests of the Debtor in property received by the Debtor after the commencement of the case as is necessary for the execution of the Plan, including amounts received by Debtor on account of the Trieber Judgment.

**9.03** Property of the estate shall revest with Debtor on the effective date of the Plan free and clear of all claims and interests except as provided in this Plan.

## ARTICLE X
## GENERAL PROVISIONS

**10.01 Definitions and Rules of Construction.** The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**10.02 Effective Date of Plan.** The Effective Date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. However, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

**10.03 Severability.** If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**10.04 Binding Effect.** The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**10.05 Captions.** The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**10.06 Controlling Effect.** Unless a rule of law or procedure is supplied by federal

law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE XI

## DISCHARGE

**11.01 Discharge**. Confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**11.02 Closing and final Decree.** Upon substantial consummation of the Plan, the case shall be closed, but shall be subject to reopening to enforce the term of the Plan and to enter a discharge.

## ARTICLE XII
## OTHER PROVISIONS

**12.01 Retention of Jurisdiction.** The Bankruptcy Court shall retain and have exclusive jurisdiction (to the extent granted by applicable law, including any provisions permitting mandatory or discretionary withdrawal of such jurisdiction) over any matter arising out of, and related to, the Chapter 11 Cases and this Plan.

**12.02 Rights to pursue claims reserved**. All claims in favor of the Debtor, including claims arising under any provision of the Bankruptcy Code, shall be fully reserved and may be enforced by the Debtor following confirmation of this Plan.

Respectfully submitted,

/s/ Neil J. Bloomfield
NEIL J. BLOOMFIELD, Debtor
and Plan Proponent

/s/ Lawrence L. Szabo
LAWRENCE L. SZABO
Attorney for Debtor and Plan Proponent